IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CV-146-FL

| | |
|---|---|
| DARLENE JONES, ) | |
| ) | |
| Plaintiff/Claimant, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the motion [DE-43] of Plaintiff Darlene Jones ("Plaintiff") to amend the transcript.[1] Defendant responded to Plaintiff's motion and the time for filing a reply has expired. Accordingly, the pending motion is ripe for adjudication. For the reasons below, this court recommends Plaintiff's motion be denied.

## STATEMENT OF THE CASE

Plaintiff protectively filed an application for supplemental security income ("SSI") on 25 February 2009, alleging disability beginning 1 March 2005. (R. 12). Her claim was denied initially and upon reconsideration. *Id.* A hearing before the Administrative Law Judge ("ALJ") was held on 3 September 2010, at which Plaintiff was represented by counsel and a vocational expert ("VE") appeared and testified. (R. 21-47). On 15 November 2010, the ALJ issued a decision denying Plaintiff's request for benefits. (R. 9-20). Plaintiff then requested a review of the ALJ's decision by

---

[1] Claimant's motion contends that the Appeals Council erred when it declined to consider certain evidence she submitted as part of her administrative appeal. Claimant's motion is therefore treated as a dispositive motion on her claim for benefits. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B).

the Appeals Council, and submitted additional evidence as part of her request (R. 6). After reviewing and incorporating the additional evidence into the record, the Appeals Council denied Plaintiff's request for review on 19 July 2011. (R. 1-6). Plaintiff then filed a complaint in this court seeking review of the now final administrative decision.

## DISCUSSION

### I. The additional evidence submitted to the Appeals Council is not material.

Plaintiff contends the Appeals Council made reversible error when it failed to incorporate new evidence into the record.[2] Pl.'s Mot. at 1-2.

On appeal, "[t]he Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the [ALJ] hearing decision."[3] 20 C.F.R. § 416.1470(b); *see also* 20 C.F.R. § 416.1476(b)(1) (same). The Appeals Council need not, however, review nor consider new evidence that relates only to a time period after the ALJ issues his decision. *See* 20 C.F.R. § 416.1476)(b)(1) (stating that, on review, "[i]f [a claimant] submit[s] evidence which does not relate to the period on or before the date of the [ALJ] hearing decision, the Appeals Council will return the additional evidence to [the claimant] with an

---

[2] A portion of the additional evidence attached to Plaintiff's motion was incorporated into the record by the Appeals Council. *Compare* Pl.'s Mot., Ex. A at 4-6, 8 [DE-43.3] (records from Carolina Digestive Diseases & Endoscopy Center ("CDDEC") dated 23 July 2009 and 30 July 2009), *with* R. 1459-62 (same); Pl.'s Mot., Ex. B at 31-54 [DE-43.4] (records from ECU Physicians dated 22 February 2010, 9 June 2010, 19 July 2010, 21 July 2010 and 4 October 2010), *with* R. 1435-58 (same). Furthermore, the July 2009 progress reports from CDDEC are duplicative, as these documents appeared in the record submitted to the ALJ. (R. 17-18, 1169-72); Pl.'s Mot., Ex. A at 6, 8. Accordingly, to the extent Plaintiff faults the Appeals Council for not incorporating this evidence, Plaintiff's argument is with merit.

[3] In this case, the relevant time period extends from 1 March 2005 (Plaintiff's alleged disability onset date) to 15 November 2010 (the date of the ALJ's decision). (R. 12).

2

explanation as to why it did not accept the additional evidence and will advise [the claimant] of [his/her] right to file a new application.").

Here, the Appeals Council incorporated new evidence into the record but also returned several evidentiary items to Plaintiff because such evidence related to a time period post-dating the ALJ's decision and thus did "not affect the decision about whether [Plaintiff was] disabled beginning on or before November 15, 2010." (R. 2, 6). In particular, the Appeals Council returned the following evidence: (1) medical records from Plaintiff's gastroenterologist Stefan P. Marcuard, M.D., of CDDEC, dated 14 December 2010 and 20 December 2010, Pl.'s Mot., Ex. A at 3, 7 [DE-43.3]; and (2) medical records from ECU Physicians dated 3 December 2010, 10 January 2011, 24 January 2011, 3 February 2011, 15 February 2011, 10 March 2011, 29 March 2011 and 11 April 2011, *id.*, Exs. B & D [DE-43.4, 43.6]. Plaintiff's motion neither summarizes the above evidence nor explains how this evidence relates to the relevant time period.

1. *Dr. Marcuard's treatment notes*

Dr. Marcuard's 14 December 2010 treatment record indicates Plaintiff's complaints regarding diarrhea and dyspeptic symptoms and includes diagnoses of irritable bowel syndrome ("IBS") with possible post cholecystectomy diarrhea, dyspeptic symptoms and epigastric discomfort with nausea and "HIV positive on no treatment followed by ID." Ex. A at 3 [DE-43.3]. The 20 December 2010 record is an upper endoscopy report containing the following impressions: erosive gastritis, nonerosive reflux disease with open lower sphincter and small bowel biopsy obtained. *Id.* at 7. The record further notes that Plaintiff was continued on welchol since it "help[ed] to control her diarrhea."

3

The December 2010 records contain no references to prior treatment records. Moreover, the records provide no information as to how Plaintiff's symptoms affected her work-related abilities during the relevant time. In fact, these records provide no information whatsoever regarding Plaintiff's functional limitations. Accordingly, Marcuard's treatment records regarding Plaintiff's IBS, dyspeptic symptoms and gastritis are immaterial and the Appeals Council properly refused to incorporate these treatment notes into the record. *See Nance v. Astrue*, No. 7:10-CV-218-FL, 2011 U.S. Dist. LEXIS 120890, at *14-*15, 2011 WL 4899754, at *5 (E.D.N.C. Sept. 20, 2011), adopted, 2011 U.S. Dist. LEXIS 118077, 2011 WL 4888868 (E.D.N.C. Oct. 12, 2011) (explaining evidence is material if it reflects a claimant's condition during the relevant time period); *see also Eason v. Astrue*, No. 2:07-CV-30-FL, 2008 U.S. Dist. LEXIS 66820, at *8, 2008 WL 4108084, at *3 (E.D.N.C. Aug. 29, 2008).

2. *Records from ECU Physicians*

Treatment records from ECU Physicians dated December 2010 through April 2011 concern primarily Plaintiff's treatment for irregular menses and menorrhagia. *See e.g.*, Pl.'s Mot., Ex. B at 14, 25 & Ex. D at 4, 11. In the December 2010 progress report, it was noted that while Plaintiff experienced irregular menses and heavy bleeding in the past, she had "been doing fine but all of a sudden it started back again." Pl.'s Mot., Ex. B at 28. Due to Plaintiff's complaints of worsening symptoms, she eventually underwent a hysteroscopy and rollerball ablation in March 2011 but continued to complain of excessive bleeding in a follow-up visit in April 2011. *Id.*, Ex. D at 4. Also, the December 2010 treatment record includes Plaintiff's complaint of worsening diarrhea.[4] *Id.*,

---

[4] It appears medication prescribed for Plaintiff's diarrhea in December 2010 proved effective as subsequent treatments records indicate Plaintiff's diarrhea was controlled and that she denied diarrhea, dyspepsia and abdominal pain. *See e.g.*, Pl.'s Mot., Ex. B at 3, 14 & Ex. D at 4, 11.

4

Ex. B at 25. However, where records indicate a deterioration in Plaintiff's condition occurring subsequent to the ALJ's decision, such evidence "simply has no bearing on whether [Plaintiff] was disabled during the relevant period of time." *Rhodes v. Barnhart*, No. 1:04-CV-22, 2005 U.S. Dist. LEXIS 42876, at *31 (W.D.N.C. Mar. 30, 2005).

The records from ECU Physicians also include a psychiatric follow-up and two social work progress notes dated 15 February 2011 and 29 March 2011. Pl.'s Mot., Ex. B at 7-10 & Ex. D at 7, 14. The January 2011 psychiatric treatment record noted Plaintiff had not adhered to her medication regime and in fact, stopped taking all psychotropic medications in February 2010. *Id.*, Ex. B at 8-9. The social work progress reports noted Plaintiff's mood was anxious, her affect was good and her insight and judgment were fair. *Id.*, Ex. D at 7, 11. Again, deterioration in a condition has no bearing on Plaintiff's disability status during the relevant time period. *See Rhodes*, 2005 U.S. Dist. LEXIS 42876, at *31. Moreover, these records suggest that with medication, Plaintiff's depressive symptoms improved. Regardless, there is no information contained within these records relating the findings therein to Plaintiff's condition during the relevant time period. *See Nance*, 2011 U.S. Dist. LEXIS 120890, at *14-*15, 2011 WL 4899754, at *5.

Given the treatments records from Dr. Marcuard and ECU Physicians did not discuss the status of Plaintiff's impairments on or before 15 November 2010 or address functional limitations experienced by Plaintiff as a result of her impairments during the relevant time period, the Appeals Council properly declined to incorporate the evidence into the record. As such, Plaintiff's remaining remedy for consideration of these records was to file a new application for benefits, alleging disability after 15 November 2010, which she was properly advised to do by the Appeals Council. (R. 2); *see* 20 C.F.R. § 416.1476(b)(1).

5

## II. This case should not be remanded under sentence six of 42 U.S.C. § 405(g) for consideration of additional evidence.

In her motion, Plaintiff states the medical records from Tideland Psychiatric Services ("TPS") dated 21 June 2011 and 29 June 2011 were never made a part of the record "due to an error by the Appeals Council." Pl.'s Mot. at 2; Ex. F [DE-43.8]. As noted by Defendant, however, the TPS records were mailed to the Appeals Council on 19 July 2011 – the date of the Appeals Council decision upholding the ALJ's decision and thus the date the ALJ's decision became the Commissioner's final decision. Def.'s Mem. at 4; (R. 1); *see* 20 C.F.R. § 416.1400(a) (explaining the ALJ's decision becomes the Commissioner's final decision upon completion of the administrative review process, the final step of which is obtaining a notice from the Appeals Council). Plaintiff fails to request that this case be remanded pursuant to sentence six for consideration of the June 2011 progress reports from TPS, and in fact, provides no argument in support of a sentence six remand. For the reasons provided below, Plaintiff has not established that the case should be remanded to the Commissioner under sentence six.

When a claimant submits evidence that has not been presented to the Commissioner, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). In a sentence-six remand, the court does not rule on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* Under sentence-six, "[t]he court . . . may at any time order additional evidence to

6

be taken before the Commissioner of Social Security, but only upon a showing that there is <u>new</u> evidence which is <u>material</u> and that there is <u>good cause</u> for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (emphasis added); *see also Nuckles v. Astrue*, No. 7:09-CV-13-FL, 2009 U.S. Dist. LEXIS 93520, at *12, 2009 WL 3208685, at *4 (E.D.N.C. Sept. 14, 2009) (explaining a sentence six remand requires the evidence be new and material and there must be good cause for failing to submit the evidence earlier).

Evidence is new if it is not duplicative or cumulative of that which is already contained in the record. *Wilkins v. Sec'y, Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (citations omitted). Evidence is material if it relates to the period on or before the date of the ALJ's decision, 20 C.F.R. §§ 404.970(b), 416.1470(b), and there is a "reasonable possibility that the new evidence would have changed the outcome" of the case. *Wilkins*, 953 F.2d at 96 (citing *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985)). Finally, as for good cause, the courts have recognized that in crafting the statute governing remand, it was Congress's intent to permit remand pursuant to sentence six on a very limited basis. *See Rogers v. Barnhart*, 204 F. Supp. 2d 885, 892 (W.D.N.C. 2002) ("'Congress made it unmistakably clear' that it intended to limit remands for 'new evidence.'") (quoting *Melkonyan*, 501 U.S. at 99-100)). The plaintiff bears the burden in proving that the requirements of sentence six are met. *Id.*

In the 21 June 2011 treatment record, it was noted that Plaintiff had been off her medications for several months, developed depressive symptoms including irritability and wished to be restarted on medication. Pl.'s Mot., Ex. F at 2 [DE-43.8]. An examination revealed normal motor activity, appropriate affect, a coherent and logical stream of thought, orientation to time, person and place, intact memory, no evidence of suicidal or homicidal ideations, her mood was described as "down,"

7

she was diagnosed with major depression and restarted on medication. *Id.* In a follow-up visit on 29 June 2011, Plaintiff was described as anxious and her affect blunted. *Id.* at 1. It was noted further that Plaintiff reported new coping skills "to keep [her] mind occupied," including playing games with her family, making crafts with her daughter and exercising. *Id.*

The June 2011 records from TPS are not "new evidence" under sentence six as the information therein relates to a time over six months after the ALJ's decision and no information is contained within these records relating the findings therein to Plaintiff's condition during the relevant time period. *See Edwards v. Astrue*, No. 7:07-CV-48, 2008 U.S. Dist. LEXIS 13625, at *25, 2008 WL 474128, at *9 (W.D. Va. Feb. 20, 2008) ("The [additional records] do not relate back to the relevant time period as they were . . . [completed] over 6 months after the ALJ rendered his decision."). Moreover, even if the recently filed evidence was considered new evidence, there is no reasonable probability that it would have changed the outcome of the ALJ's determination as it is cumulative of other evidence in the record and is thus immaterial. In particular, records reviewed by the ALJ indicate Plaintiff had a history of depression for which she had received treatment at ECU Physicians, including therapy and antidepressant medication, and describe similar symptoms and treatment as those appearing in the June 2011 records from TPS. (R. 15, 1219, 1221-22, 1237-38, 1243, 1255, 1279, 1284, 1417, 1419-21).

For the reasons provided above, the additional evidence does not meet the regulatory requirements for new evidence; and therefore, remand pursuant to sentence six of 42 U.S.C. § 405(g) is not warranted.

## CONCLUSION

For the reasons stated above, this court RECOMMENDS Plaintiff's Motion to Amend

Transcript [DE-43] be DENIED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days upon receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 5th day of June, 2012.

Robert B. Jones, Jr.
United States Magistrate Judge