## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## EASTERN DIVISION

No. 4:11-CV-146-FL

| | |
|---|---|
| DARLENE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| CAROLYN W. COLVIN, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 51, 53).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued memorandum and recommendation ("M&R") wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed objections to the M&R to which defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

Plaintiff filed an application for a period of disability and Supplemental Social Security Income ("SSI") on February 25, 2009, alleging disability beginning March 1, 2005. This application was denied initially and upon reconsideration. Hearing was held before an Administrative Law

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

Judge ("ALJ") who determined that plaintiff was not disabled during the relevant time period in a decision issued November 15, 2010. On July 19, 2011, the Appeals Council ("AC") denied plaintiff's request for review, rendering the ALJ's determination defendant's final decision. Plaintiff filed complaint in this court on September 4, 2011, for review of the final administrative decision.

## DISCUSSION

A. Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005);

2

Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

(1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: human immunodeficiency virus ("HIV"), depression and generalized anxiety disorder. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with some non-exertional limitations. The ALJ determined that plaintiff is capable of adjusting to the demands of other employment opportunities existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff was not under a disability during the relevant time period.

3

B. Analysis

Plaintiff objects to the M&R on the following grounds: (1) the assessment of defendant's finding that plaintiff can perform work on a regular and continuous basis with her physical HIV symptoms; and (2) the assessment of defendant's consideration of plaintiff's narcolepsy. Both objections raise issue as to whether the RFC determination was properly conducted in light of each of these impairments.

An individual's RFC is defined as that capacity which an individual possesses despite the limitations caused by his physical or mental impairments. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC assessment is based on all relevant medical and other evidence in the record and can include a plaintiff's own description of his limitations arising from certain symptoms. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). When a plaintiff has a number of impairments, including some deemed not severe, the ALJ must consider their cumulative effect in making a disability determination. 42 U.S.C. § 423(d)(2)(B); see Hines v. Bowen, 872 F.2d 56, 59 (4th Cir. 1989). The RFC assessment must include discussion of why reported symptom-related limitations and restrictions can or cannot be reasonably accepted as consistent with medical and other evidence. S.S.R. 96-8p. The RFC must consider and address medical source opinions and if the RFC conflicts with a medical source opinion, the ALJ must explain why the medical opinion was not adopted. Id.

"The determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). First, the ALJ must determine whether the plaintiff has a medical impairment "which could reasonably expected to produce the pain or other symptoms alleged." Id. (quoting 20 C.F.R. §§ 416.929(b) & 404.1529(b)). If this threshold question is satisfied, then the ALJ evaluates the actual intensity and persistence of the plaintiff's pain or other symptoms, and the extent to which it affects her ability to work. Id. at 595. At this second step, the

4

ALJ considers "not only the claimant's statements ... but also 'all the available evidence,' including ... evidence of the claimant's daily activities, specific descriptions of the [symptoms], and any medical treatment taken to alleviate [those symptoms]." Id. (citing 20 C.F.R. §§ 416.929(c)(2), 404.1529(c)(2)). A plaintiff's allegations of pain and other symptoms "need not be accepted to the extent they are inconsistent with the available evidence," based on a consideration of the entire case record. Id.; see SSR 96-7p.

In this case, plaintiff's objections to the M&R challenge the ALJ's assessment of the evidence of plaintiff's physical HIV symptoms and narcolepsy, and how this assessment led to the RFC findings. As set forth in the M&R, which the court incorporates herein, the ALJ considered plaintiff's testimony, numerous medical records detailing plaintiff's HIV follow-up appointments, and her medication and therapy treatments, associated with her HIV-related impairments. M&R 5-6, 10-11 (citing dozens of pages in the record). In regard to plaintiff's narcolepsy, the ALJ considered medical records and plaintiff's testimony, as guided by her counsel, concerning fatigue and daily activities. R. 15, 17. In accordance with Hines and Craig, the ALJ properly considered the substantial evidence in the record tending to show that plaintiff's subjective allegations of symptoms did not limit her ability to work.

Plaintiff essentially asks the court to re-weigh certain evidence in the record to come to a different conclusion than the ALJ. However, that is not the court's role. See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) ("[i]n reviewing and ALJ's finding for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary") (citing Craig, 76 F.3d at 589). Instead, the court looks to see if the ALJ misapplied the law or used an incorrect legal standard and if the magistrate judge erred in his review of the ALJ. Plaintiff's objection reveals no such error on the part of the ALJ or with

5

respect to the M&R, and the court's *de novo* review similarly reveals none. To the contrary, the ALJ engaged in a thoughtful consideration of the entire record and the magistrate judge's analysis was similarly thorough. The substantial evidence in the entire record does not support plaintiff's subjective descriptions of her HIV and narcolepsy symptoms to the full extent plaintiff now asserts, and the RFC was properly assessed. Therefore, plaintiff's objections are overruled.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full, DENIES plaintiff's motion for judgment on the pleadings (DE 51), GRANTS defendant's motion for judgment on the pleadings (DE 53), and AFFIRMS the final decision by defendant. The clerk is directed to close this case.

SO ORDERED this the 28th day of March, 2013.

LOUISE W. FLANAGAN
United States District Judge

6